[Civ. No. 6543. Second Appellate District, Division Two.—March 13, 1931.]

H. A. STELLER et al., Appellants, v. MORTHLAND MORTGAGE COMPANY (a Corporation), Respondent.

D. Chase Rich for Appellants.

Williams & Parks for Respondent.

CRAIG, Acting P. J.—Judgment having been rendered in favor of the defendant, a mortgagee of real property, in an action against it by materialmen, based upon orders from the owner for payment of material bills from the amount of a loan, the plaintiffs appealed.

The owner of real property in Los Angeles County executed to respondent corporation a mortgage to secure a loan for the payment of costs of labor and materials for building upon said property, and the lender held in trust or "escrow" the principal fund so secured for disbursement for such purposes, upon orders to be issued by the owner. It is inferred that the trustee was controlled and guided in the performance of its duties by certain written instructions or conditions requiring approval and acceptance of the orders, but the record fails to disclose their provisions. It is conceded that appellants furnished certain materials for construction work upon its printed forms, which were paid. The orders in controversy were received by appellants in like manner, and were in turn presented to respondent for payment, and receipts were given therefor, but they were not paid. Appellants instituted an action for the alleged indebtedness for said materials, as arising "out of certain orders executed in favor of plaintiffs by one J. F. Mullen upon funds of the said J. F. Mullen at said time in the hands of the defendant and which said orders were accepted by the defendant, and by reason of said acceptance of said orders the defendant was and is indebted to the plaintiffs". Upon conflicting evidence as to this issue the trial court found that the defendant was not indebted to the plaintiffs, and rendered judgment accordingly. This appeal is founded entirely upon specifications that the findings and judgment are not supported by the evidence.

Each of the orders provided that the "money, check or its proceeds is requested and received for the express purpose of paying bills and claims for labor performed and/or materials used in the construction or completion of the certain building . . . all in accordance with escrow instructions covering the loan or fund from which this money is received and it is hereby represented that such money, check or its proceeds will be used for said purpose or purposes and no other whatsoever". It was testified by a representative of respondent that when the orders were presented he

542

informed appellants that they would not be immediately due but would be payable when the work was in, "provided the job was kept running steadily and the account was in order". ▮ Resolving all intendments in favor of the findings and judgment, we must assume that from the evidence before the court it appeared that the orders were not acceptable until inspection should reveal that the work was progressing in a regular manner and that the account was in order; and further, that such orders were not accepted and were not due or payable for the reason that these conditions were not fulfilled. (Civ. Code, sec. 2258.) Authorities cited by appellants were based upon orders which had been accepted, and are therefore not in point.

The judgment is affirmed.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, concurred.